UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT HARRIS,
an individual,

    Plaintiff,

CASE NO:

vs.

THE STONEWALL CORPORATION, and
METRO TREATMENT OF ALABAMA, LP,
d/b/a Metro Treatment Center of Birmingham,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ROBERT HARRIS ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues THE STONEWALL CORPORATION and METRO TREATMENT OF ALABAMA, LP, d/b/a Metro Treatment Center of Birmingham, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") as well as for compensatory damages for personal injuries pursuant to Alabama Law, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title

1

III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA. This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343 as well as supplemental jurisdiction pursuant to 28 U.S.C. §1367 insofar as Plaintiff's claim for personal injuries under Alabama law is concerned.

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, ROBERT HARRIS (hereinafter referred to as "HARRIS" or "Plaintiff") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. HARRIS suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has paraplegia and requires a wheelchair for mobility. Prior to instituting the instant action, HARRIS visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. HARRIS continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, THE STONEWALL CORPORATION is a domestic corporation registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief, THE STONEWALL CORPORATION (hereinafter referred to individually as "STONEWALL" and jointly as "Defendants") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: Birmingham Metro Treatment Center located at 151 Industrial Dr., in Birmingham, Alabama (hereinafter referred to as the "Rehab Clinic").

5. The Defendant METRO TREATMENT OF ALABAMA, LP, is a foreign limited partnership registered to do business in Alabama and, in fact, conducting the State of Alabama. Upon information and belief, METRO TREATMENT OF ALABAMA, LP (hereinafter referred to individually as "METRO" and jointly as "Defendants") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: Birmingham Metro Treatment Center located at 151 Industrial Dr., in Birmingham, Alabama (hereinafter referred to as the "Rehab Clinic).

6. On or about October 8, 2019, Plaintiff visited the Rehab Clinic at issue in this matter to obtain methadone detoxification treatment as a result of opioid addiction. Due to the lack of accessible parking and a lack of an accessible

route to access the sidewalk to the Rehab Clinic entry, Plaintiff had no other option but to attempt to transfer from his vehicle to his wheelchair in a sloped area of the parking lot, nearest the lowest portion of the curb between the parking lot and the sidewalk leading to the entry to the Rehab Clinic.  Plaintiff fell from his wheelchair due to the lack of a level access aisle and level accessible parking.  While attempting to transfer into his wheelchair on a grade, the wheelchair began to roll away from the vehicle causing Plaintiff to fall while his left leg remained inside the vehicle, such that Plaintiff suffered a broken left tibia and fibula, for which he underwent surgery with permanent hardware implanted in his leg.

7. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

8. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Rehab Clinic owned by Defendants is a place of public accommodation in that it is the

office of a health care provider operated by a private entity that provides goods and services to the public.

10. Defendants have discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Rehab Clinic in derogation of 42 U.S.C §12101 *et seq*.

11. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Rehab Clinic owned by Defendants. Prior to the filing of this lawsuit, Plaintiff visited the Rehab Clinic at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 13, below, that he personally encountered. In addition, Plaintiff continues to desire and intends to visit the Rehab Clinic but continues to be injured in that he is unable to without subjecting himself to risk of further injury and continues to be discriminated against due to the barriers to access that remain at the Rehab Clinic in violation of the ADA. HARRIS has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing

deliberate and knowing violations of the ADA.

12. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

13. Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    (i) No ADA compliant accessible or van accessible parking space is provided.

    (ii) The single parking space provided with some indicia of accessibility is approximately 9 feet in width and has no adjacent access aisle necessary for a wheelchair user to exit or enter the vehicle without being blocked by a vehicle parked in an adjacent space.

    (iii) The bottom edge of the signage posted at the parking space with some indicia of accessibility is mounted only 32 inches above the finished grade and is not visible above a parked vehicle.

(iv) No accessible route is provided between the parking lot and the sidewalk leading to the entry of the Rehab Clinic.

(v) The curb around the accessible parking space varies in height between a maximum of 3 inches above the parking lot pavement to a minimum of 1/2 inch above the parking lot pavement, and constitutes an abrupt change in level at all points.

(vi) The walk that is located on the left side of the accessible parking space is too narrow for a wheelchair user as it is only 30 inches in width.

(vii) The public toilet rooms within the Rehab Clinic lack wheelchair accessible features in that there are no grab bars at the water closet, the water closet is mounted too far from the side wall, the toilet paper dispenser is mounted out of reach on the rear wall adjacent to the water closet tank, the lavatory pipes are not insulated, and the soap and paper towel dispensers are located too high and out of reach range for a wheelchair user.

14. There are other current barriers to access and violations of the ADA at the Rehab Clinic owned and operated by Defendants that were not specifically

identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

15. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants were required to make their Rehab Clinic, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

- A. That the Court declare that the property owned and administered by Defendants is violative of the ADA;

- B. That the Court enter an Order directing Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

- C. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

- D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

- E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT TWO--NEGLIGENCE *PER SE*
### *(Negligence as a matter of law)*

18. Plaintiff adopts and incorporates paragraphs 1 through 7, above, as if fully set forth herein.

19. Defendants are responsible for the design, construction and maintenance of the parking lot upon which Plaintiff suffered injury to his person.

20. Defendants were required by the applicable ADA Standards[1] to design, construct, alter and maintain the parking lot in question within certain parameters, including but not limited to, provision of level accessible parking spaces and adjacent access aisles for a wheelchair user to transfer to and from a vehicle, as well as a firm and slip-resistant accessible route connecting the accessible parking spaces to the accessible entry to the Rehab Clinic, without abrupt changes in level.

21. The purpose of the ADA Standards as they relate to accessible parking spaces and accessible routes is to provide equal access to individuals with disabilities, such as Plaintiff, and further to prevent such individuals from being injured in the manner in which Plaintiff was injured on or about October 8, 2019, as described hereinabove.

22. Plaintiff, by virtue of his disability and reliance on a wheelchair for mobility on or about October 8, 2019, is a member of the class protected by the ADA.

23. Defendants violated the ADA by failing to provide level, accessible parking spaces with adjacent, level access aisles, and a firm and

---

[1] The term "ADA Standards" as used in this Complaint refers to the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

slip-resistant path of travel to the entrance of the Rehab Clinic that was free from abrupt changes in level.

24. Defendant's failure to comply with ADA Standards mandating level accessible parking, and firm, slip-resistant accessible routes free from abrupt changes in level, caused harm to Plaintiff in precisely the manner that the ADA was intended to prevent.

25. Defendant has failed to design, construct, alter, and/or maintain the parking lot within the parameters set forth in the ADA Standards, which in turn resulted in Plaintiff's injuries, and, as such, Defendants are guilty of negligence *per se*.

WHEREFORE, PREMISIS CONSIDERED, Plaintiff demands judgment against Defendants as follows:

> A. For such compensatory damages as the Court shall award;
>
> B. For costs of court and expenses of suit;
>
> C. For all such further or other relief as the Court deems necessary, just and proper.

## **COUNT THREE--NEGLIGENCE**

26. Plaintiff adopts and incorporates paragraphs 1 through 7, above, as if fully set forth herein.

27. Defendants are responsible for the design, construction and maintenance of the parking lot upon which Plaintiff suffered injury to his person.

28. Defendant has a duty to provide a reasonably safe parking lot and route to enter the Rehab Clinic for its patrons with disabilities and business invitees such as Plaintiff.

29. Defendants had notice or constructive notice of the unsafe and defective condition of its parking lot long before Plaintiff was injured on or about October 8, 2019, and have been under a duty established by the ADA in 1990 to remove barriers to access on its property.

30. Defendants' failure to design, construct, alter and/or maintain its parking lot in a reasonably safe condition for its patrons with disabilities and business invitees proximately caused Plaintiff's personal injuries described hereinabove.

WHEREFORE, PREMISIS CONSIDERED, Plaintiff demands judgment against Defendant as follows:

  A. For such compensatory damages as the Court shall award;

  B. For costs of court and expenses of suit;

  C. For all such further or other relief as the Court deems necessary,

just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all of the issues a jury may properly decide, and for all of the requested relief that a jury may award.

Dated this 2nd day of November, 2020.

Respectfully submitted,

By: /s/ *Edward I. Zwilling*
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point orate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com